UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE WASHINGTON (#098918)

VERSUS                                        CIVIL ACTION

DEUJON SHANE WORSHAM, ET AL                   NUMBER 14-520-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 27, 2015.

                                STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE WASHINGTON (#098918)

VERSUS                                          CIVIL ACTION

DEUJON SHANE WORSHAM, ET AL                     NUMBER 14-520-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Deujon Shane Worsham, Capt. Donald Lamana and Capt. Joe Barr. Plaintiff alleged that he was subjected to an excessive use of force and was denied adequate medical treatment in violation of his Eighth Amendment rights.

For the reasons which follow, the plaintiff's complaint should be dismissed.

### I. Factual Allegations

Plaintiff alleged that on February 22, 2013, he was restrained by Sgt. Perkins and escorted to the shower cell. Plaintiff alleged that when his cell door was opened he exited his cell and immediately began spraying human waste on two inmates confined in an adjacent cell. Sgt. Perkins activated his beeper and telephoned defendants Maj. Worsham, Capt. Barr and Capt. Callahand. Plaintiff alleged that following the incident Sgt. Perkins placed him in a shower cell but did not remove his restraints.

Plaintiff alleged that approximately five to ten minutes later, Capt. Barr removed him from the shower cell and attempted to question him about the incident but the plaintiff refused to discuss it. Plaintiff alleged that Capt. Barr ordered Maj. Worsham to place the plaintiff in administrative lockdown. Plaintiff alleged that Capt. Barr made homosexual gestures towards him while escorting him to administrative lockdown. Plaintiff alleged that Sgt. Raymond Jones placed him in cell number six after searching the cell and the plaintiff for contraband.

Plaintiff alleged that after he ate his lunch, Maj. Worsham removed the plaintiff's tray from the hatch and threw it on the floor. Plaintiff alleged that Capt. Barr appeared before his cell and sprayed him with mace without provocation for 8 to 12 seconds. Plaintiff alleged that the door to his cell was closed and he was rendered unconscious for 20 to 30 minutes.

Plaintiff alleged that following the incident he was not allowed to take a shower and that medical personnel refused to wash the mace from his eyes.

Plaintiff alleged that he filed an Administrative Remedy Procedure ("ARP") which was accepted into the two-step procedure as ARP LSP-2013-1332, and he attached copies of the First and Second Steps of the ARP as an exhibit to his complaint.[1]

---

[1] Record document number 7-1, pp. 1-3.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Prescription**

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

The pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims. *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

From February 22, 2013, the date the incident allegedly occurred, until May 17, 2013, the date the plaintiff filed his ARP with prison officials,[2] 83 days of the limitations period elapsed. From May, 17, 2013, the date the plaintiff filed his ARP, until August 20, 2013, the date the ARP was denied at the Second Step, the limitations period remained tolled. From August 20, 2013, the date the ARP was denied at the Second Step until August 18, 2014,

---

[2] Record document number 7-1 at 1. Plaintiff's ARP is not dated. A copy of the ARP produced by the Louisiana Department of Public Safety and Corrections in response to the 30-Day Stay Order showed that the plaintiff's ARP is stamped "RECEIVED" by the Warden's Office on May 17, 2013. Record document number 11-1, p. 4. Because this date is more favorable to the plaintiff, it was used to calculate the limitations period.

the date the plaintiff filed his complaint, 362 days of the limitations period elapsed.

A review of the record showed that 445 days of the limitations period elapsed before the plaintiff filed his complaint. Plaintiff's claims against these defendants regarding acts which occurred on February 22, 2013 had already prescribed before he filed his complaint.

## Conclusion

Because it is clear that the plaintiff's claims are prescribed, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, February 27, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE